[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Ottawa County Court of Common Pleas which, following a jury trial, found appellant, Anthony Franks, guilty of felonious assault, a violation of R.C. 2903.11(A)(1). Appellant sets forth the following assignment of error:
"I. ASSIGNMENT OF ERROR PRESENTED FOR REVIEW
 "1. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
The following facts are relevant to this appeal. On July 22, 1996, an indictment was filed on one count of felonious assault, a violation of R.C. 2903.11(A)(1), against appellant and another defendant as the result of a fight on the evening of June 15, 1996. The case proceeded to a jury trial against both appellant and the other defendant in January 1997.
The police officer who investigated the fight testified. He identified appellant and testified that appellant admitted his involvement in the fight. The police officer further testified that, during his investigation the night of the fight, appellant did not state that he was defending himself, although the other defendant did. Appellant also did not state that the victim, Anthony Kowalski ("Kowalski"), had started the fight. That night the officer took pictures of appellant's hand showing blood on his knuckles. The police officer testified that appellant and the other defendant had an odor of alcohol about them with slightly slurred speech. On cross-examination, the police officer admitted that there was no mention of the later facts in his written report. The police officer also testified that Kowalski had abrasions on his head, was bleeding from his mouth and had several teeth knocked out.
A friend of Kowalski's testified that present at the scene were two groups, appellant and his two friends and Kowalski and his two friends. The witness also testified that, after a verbal exchange between the groups, appellant ran with full force toward Kowalski, swung at him, and hit him in the face. According to his friend, Kowalski was backing away from appellant. This witness testified that Kowalski did not hit back until after appellant had hit Kowalski twice.
Kowalski's cousin, also present at the fight, testified that appellant started the fight by striking Kowalski in the chest with two fists with sufficient force to "knock the wind out" of Kowalski and inflict bruises. The cousin testified that Kowalski did not hit back until after appellant had hit Kowalski. This witness testified that appellant hit Kowalski directly in the face.
Kowalski testified that he was seventeen years old in June 1996. He testified that appellant started the fight by punching him in the chest with two hands, causing Kowalski to gasp for air. Kowalski testified that he did not hit appellant until after appellant had hit him. He further testified that appellant hit him in the mouth and knocked out five teeth. Since the incident, Kowalski has had one oral surgery, five root canals and three crowns. In addition, Kowalski testified that his glasses were broken and that he sustained two bruises on his chest and knuckle marks on each side of his head.
Appellant's friend, who was there that night, testified that, after a verbal exchange, Kowalski lunged and swung at appellant first. On cross-examination, this friend admitted that he told an investigator that he, appellant and the other defendant were all intoxicated when the fight started. He also admitted on cross-examination that he was turned away when he heard the noise of feet "shuffling" and that although he testified on direct examination that Kowalski was moving toward appellant, he admitted that the noise could have been appellant moving toward Kowalski. This friend testified that appellant punched Kowalski only once.
Appellant testified that he had consumed one beer on the boat trip to Put-in-Bay; consumed three beers while sitting on the boat after arriving at approximately three o'clock in the afternoon; shared a bucket of beer between seven or eight people after leaving the boat; had one beer on another friend's boat; and shared a pitcher of beer with three friends before leaving the bar at approximately ten o'clock at night. He testified that he had eaten quite a bit of food during this time period. After leaving the bar, appellant and his friends were returning to their boat when they encountered Kowalski and his friends. Appellant testified that he was walking in front of his friends and did not hear the initial conversation between the two groups. He turned and walked back, thinking his friends were talking with people they knew. Appellant testified that as he faced Kowalski and Kowalski's friends, Kowalski stepped toward him. Appellant also testified that when he saw Kowalski's hands come up, appellant ducked and pushed back. Appellant stated that he took a step or two back, heard Kowalski swear at him and then Kowalski dove at appellant's legs. Appellant denied striking Kowalski with his fist during this period. Appellant testified that he swung at Kowalski in an attempt to get away when Kowalski was grabbing appellant around the legs. Appellant testified that although he swung twice, he only hit Kowalski once. On cross-examination, appellant admitted that he had consumed roughly eight beers over the course of the day and was under the influence of alcohol to some degree the night of the fight. He also agreed that in his statement to the police officer about what happened, appellant stated that he had struck someone after words had been exchanged; appellant admitted that he did not say that someone attacked him or that he was defending himself. Appellant testified that he never saw any bleeding from Kowalski's mouth.
The other defendant testified that the fight he saw was appellant hitting Kowalski in the mouth after Kowalski dove at appellant's legs. The other defendant testified that he never saw any bleeding from Kowalski's mouth, but that Kowalski's hands were over his mouth. He denied touching or grabbing Kowalski. On cross-examination, he admitted consuming six beers between four in the afternoon and ten at night and admitted that he was feeling the effects of the alcohol to a very small degree.
Appellant was found guilty. The other defendant was found not guilty. Appellant filed a timely notice of appeal.
In his assignment of error, appellant argues that because he met his burden of proving that he acted out of self-defense, the jury's verdict is against the manifest weight of the evidence. This court finds no merit in this assignment of error.
In State v. Thompkins (1997), 78 Ohio St.3d 380, 386, the Ohio Supreme Court stated that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." The court also noted:
 "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." (Citation omitted.) Id.
In contrast to sufficiency, the court stated the following in regard to weight of the evidence:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Citation omitted.) (Emphasis sic.) Id. at 387.
The Ohio Supreme Court also noted that when an appellate court reverses a verdict as against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id.
This court has reviewed the entire record in this case and cannot say that the jury lost its way and created a manifest miscarriage of justice. Appellant's conviction was not against the manifest weight of the evidence.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Ottawa County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________________ George M. Glasser, J.
JUDGE
 ______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.